NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

25-P-197                                      Appeals Court

JOANNE M. POPP  vs.  ROBERT L. POPP.

No. 25-P-197.

Middlesex.     December 3, 2025. – July 27, 2026.

Present:  Meade, Desmond, & Wood, JJ.


Divorce and Separation, Alimony, Modification of judgment,
     Separation agreement, Notice, Appeal.  Probate Court,
     Divorce.



     Complaint for divorce filed in the Middlesex Division of
the Probate and Family Court Department on January 28, 2010.

     A complaint for modification, filed on July 2, 2018, was
heard by Thomas J. Barbar, J.


     Joanne M. Popp, pro se.
     James A. Reidy for the husband.


     DESMOND, J.  Joanne M. Popp (wife), the former spouse of

Robert L. Popp (husband), appeals from a Probate and Family

Court modification judgment, dated January 21, 2021, which

awarded her alimony to terminate at the durational limits set

forth in the Alimony Reform Act (ARA), St. 2011, c. 124.[1]  See

G. L. c. 208, § 49.  The wife challenges both the amount and the

termination date of the award.[2]  We conclude that (1) the judge

did not consider the parties' station in setting the amount of

alimony, as is required under G. L. c. 208, § 34 (§ 34); and

(2) the judge did not adequately explain why the alimony award

would terminate when the husband reaches full retirement age on

or about May 29, 2029.  Accordingly, so much of the modification

judgment as pertains to the monthly alimony amount and

termination at the husband's full retirement age is vacated and

the matter is remanded for further proceedings consistent with

this opinion.  The judgment is otherwise affirmed.

Background.  The parties married in 1988, divorced in 1994,

remarried in 1996, and divorced again in 2011.  The parties'

2011 divorce judgment incorporated a separation agreement

(agreement) that required the husband to pay alimony to the

---

[1] The husband filed his own notices of cross appeal but did not take the steps necessary to docket the appeal.  His cross appeal is, therefore, not before us.  See Bottiggi v. Wall, 54 Mass. App. Ct. 430, 431 n.1 (2002).

[2] In addition to the modification judgment, the wife's notice of appeal designates the order denying her posttrial motion for relief from the judgment, dated February 16, 2021, and the order denying her posttrial motion to amend the findings of fact, also dated February 16, 2021.  However, the wife's brief raises no separate argument as to the posttrial motions, other than the argument addressed in note 3, infra, so we do not discuss those motions further.

wife.  Pursuant to the agreement, the husband was required to make monthly alimony payments of certain amounts and further annual payments based on a percentage of his earnings.  The original alimony obligation was to continue "until further order of [the] Court, the death of either party or the remarriage of the Wife, whichever event occurs first."  The alimony provisions of the agreement merged with the divorce judgment and did not survive, except for the terms of one paragraph.  That paragraph is as follows:

> "In any modification proceedings brought by either party, the parties agree that the Wife may exclude from consideration the first $100,000.00 of any yearly income she may earn.  In addition, any income, other than alimony support, made by the Wife up to $100,000.00 each year and savings therefrom, any decision by the Wife to move to a smaller home, proceeds from the sale of the Wife's home and savings therefrom, any reduction in [the] Wife's expenses, and/or the emancipation of the children, or reduction of costs by the Wife, shall not be grounds for modification. The provisions of this paragraph shall survive as an independent contract and shall not be merged in the parties' judgment of divorce."

In 2014, the husband filed a complaint for modification, claiming a change in circumstances because his income had decreased.  See Popp v. Popp, 477 Mass. 1022, 1022 (2017).  In 2015, a judge of the Probate and Family Court found that a change in circumstances had occurred, reduced the husband's monthly payment obligation, and preserved the structure of his additional annual alimony obligation by ordering him to pay the wife "36.75% of any income . . . in excess of $280,000 annually

up to an income cap of $875,000.00" each year.  The judge also applied the durational limits of the since-passed ARA and ordered alimony to terminate upon the first to occur of the death of either party, the wife's remarriage, or in August 2020, unless otherwise modified by the court.  See G. L. c. 208, § 49, added by St. 2011, c. 124, § 3.  The wife appealed from that modification judgment, and the Supreme Judicial Court affirmed it.  See Popp, supra at 1023.  See also Van Arsdale v. Van Arsdale, 477 Mass. 218, 218-219 (2017) (application of durational limits under ARA to alimony agreements that predate ARA not unconstitutionally retroactive).

In July 2018, the wife filed the complaint for modification at issue here, seeking alimony beyond the ARA's durational limits.  She alleged material changes in circumstances, including that her health had worsened.  A different Probate and Family Court judge presided over a trial in September and October 2020 and issued a modification judgment in January 2021. The judge found that the wife had met her burden to show that deviation beyond the durational limits of the ARA was required in the interests of justice.  See George v. George, 476 Mass. 65, 70 (2016), quoting G. L. c. 208, § 49 (b).  In setting the support amount, he reasoned that the wife "is no longer entitled to alimony in an amount sufficient to meet the marital lifestyle," and he limited the payments "to the amount necessary

to provide [the wife] with some level of support based on her needs as they presently exist." Accordingly, he ordered the husband to pay alimony of $6,707.87 per month and made no order for annual, percentage-based payments. The judge ordered that the new support payment begin on the prior termination date and end when the husband reached his full Social Security retirement age.

Discussion. "[A] judge enjoys considerable discretion in fashioning an appropriate modification judgment, and that the judgment may not be reversed in the absence of an abuse of discretion." Pierce v. Pierce, 455 Mass. 286, 293 (2009). "The judge's reasons for his conclusions, however, must be apparent in his findings and rulings," and "[a]ny failure in the decision-making process to consider and explain the effect of an important fact may require reversal of the judgment in order to permit consideration and explanation of the omitted subject." Redding v. Redding, 398 Mass. 102, 108 (1986).

The ARA imposed presumptive limits on the duration of alimony to "provide parties with a clear expectation of a finite period of time alimony will be paid and/or received" (quotation and citation omitted). Clement v. Owens-Clement, 98 Mass. App. Ct. 632, 639 (2020). This presumption may be overcome, however, and alimony may be awarded beyond the durational limits, where written findings based on the evidence show that deviation is

"required in the interests of justice." George, 476 Mass. at 70, quoting G. L. c. 208, § 49 (b).  "This is not a hollow test, nor is it an easy burden to meet, and it requires the judge to consider both parties' circumstances at the time that deviation is sought" (citations omitted).  Clement, supra at 640.

"The statutory factors to be considered in connection with deviation beyond the durational limits are" the grounds for deviation "set forth in G. L. c. 208, § 53 (e)."  Voorhis v. Relle, 97 Mass. App. Ct. 46, 50 (2020).  Relevant here, the "[g]rounds for deviation may include:  (1) advanced age; chronic illness; or unusual health circumstances of either party; . . . (8) a party's inability to provide for that party's own support . . . ; and (9) upon written findings, any other factor that the court deems relevant and material."  G. L. c. 208, § 53 (e).  In determining whether to grant the deviation, "a judge should evaluate the circumstances of the parties in the here and now; that is, as they exist at the time the deviation is sought, rather than the situation as it existed at the time of divorce."  George, 476 Mass. at 70.  The determination of whether to deviate, and what amount of alimony to award if deviation is granted are interrelated; both are tailored to the circumstances "in the here and now" that make deviation necessary and in the interests of justice.  Id.  See Clement, 98 Mass. App. Ct. at 642 (no abuse of discretion to deviate from presumptive

durational limits where recipient "is unable to provide for her own support").

However, modifications of alimony judgments may be made only "under the terms and standards of modification existing at the time the judgment entered." Chin v. Merriot, 470 Mass. 527, 536 (2015). See Griffin v. Kay, 101 Mass. App. Ct. 241, 245 (2022). See also Hay v. Cloutier, 389 Mass. 248, 252-253 (1983) (judgment of divorce that became final before October 17, 1974 amendment to G. L. c. 208, § 34, could not be modified on basis of that amendment). Because the parties' judgment of divorce entered before the ARA came into effect, a judge must consider the G. L. c. 208, § 34, factors in setting the amount of an alimony award after determining that deviation is appropriate pursuant to the factors in G. L. c. 208, § 53 (e). See Chin, supra; Griffin, supra. With that context in mind, we turn to the wife's specific arguments.

Here, the wife raises several arguments challenging the amount of the alimony award, including that the judge lacked the statutory authority to modify the award, the judge improperly expanded the issues beyond the final pretrial order, the judge was required to adhere to the terms of the original divorce judgment or the 2015 modification judgment when awarding alimony beyond the durational limits, and the judge was required to

consider the parties' marital lifestyle.  She also challenges the termination of alimony at the husband's full retirement age.[3]

1.  Monthly alimony award.  a.  Statutory authority.  The wife argues that the judge lacked the statutory authority to award alimony in any amount other than the amount she received before deviation in the absence of a separate complaint or counterclaim alleging a material change in circumstances.  We disagree.

As the judge acknowledged prior to trial, he was not required to treat the wife's request for deviation as an "all-or-nothing" determination.  The wife cites no authority establishing that the judge was incorrect in this regard.  The wife's citation to Doktor v. Doktor, 470 Mass. 547, 550 (2015), for the proposition that the ARA applied prospectively, other than as to the durational limits, is unavailing.  Indeed, "the court may . . . upon the action for modification of either

---

[3] The wife also argues that the judge's finding about her inheritance expectation is clearly erroneous and that, for that reason, the judge abused his discretion by denying her posttrial motions seeking relief from the judgment and to amend the findings of fact.  First, we do not agree that the finding was clearly erroneous; the wife testified that her mother is ninety-two years old and owns a home.  Although we agree that the wife is not guaranteed to inherit from her mother, that is not what the judge found, and he was still permitted to consider the expectancy.  Cf. Davidson v. Davidson, 19 Mass. App. Ct. 364, 374-375 (1985) (potential inheritance not subject to division in divorce but may be considered as factor in assigning divisible property).

party, revise and alter its judgment relative to the amount of such alimony or annual allowance and the payment thereof, and may make any judgment relative thereto which [the court] might have made in the original action." G. L. c. 208, § 37. See Clement, 98 Mass. App. Ct. at 638 (ARA did not displace judge's authority pursuant to G. L. c. 208, § 37).

The wife's related argument, that the amount of alimony ordered after deviation was improper because the husband failed to allege or show a material change in circumstances as to his ability to pay alimony, fails for the same reason. See Pierce, 455 Mass. at 295, quoting G. L. c. 208, § 37 (after considering § 34 factors, judge may "make any judgment relative thereto which [he] might have made in the original action").

b. Notice of issues at trial. The wife also argues that the judge abused his discretion by awarding alimony in an amount less than she had received under the 2015 modification judgment because she had no notice that the amount of alimony was at issue in the case. She points out that the judge's pretrial order listed "alimony deviation" as the only contested issue, that her complaint did not include any request to modify the amount of alimony, and that the husband filed no counterclaim or competing complaint. We are not persuaded.

The issues defined in a final pretrial order "ought to be adhered to in the absence of some good and sufficient reason"

(citation omitted). <u>Slade</u> v. <u>Slade</u>, 43 Mass. App. Ct. 376, 378 (1997). However, "courts have consistently focused on the elements of surprise and unfairness" in limiting issues to those identified in pretrial orders. <u>Id</u>. at 379. Here, there was no surprise; the record shows that the wife had notice that the amount of the order was specifically at issue. The wife and her counsel were present at the pretrial conference when the husband's counsel asked directly, "[I]s this an all-or-nothing situation . . . where it's still the same alimony for X amount of years?" The judge responded, "No. I could . . . say that it's a deviation but not the amount he's paying now." We are therefore not persuaded that the wife had no notice that the deviated award might not adhere to the amount awarded in the 2015 modification judgment.[4]

The wife further argues that comments made by the judge at that hearing "foreclosed [her] from obtaining discovery" regarding the husband's income. The wife refers us to a portion of the pretrial conference transcript in which the judge complimented her attorney's restraint in limiting discovery, but in which he made no rulings as to the discovery permissible in

---

[4] The wife argues that an earlier discussion at the pretrial conference, about the alimony obligation in place at the time of the hearing, clarified that the sole issue was the duration of the award. But contrary to the wife's suggestion, the discussion she quotes sheds no light on the anticipated scope of trial, only on the structure of the prior alimony order.

this case. Later, the wife's counsel agreed when the judge suggested "we end the discovery." Indeed, nothing in the record shows that discovery as to the husband's income was sought but denied. See Imbrie v. Imbrie, 102 Mass. App. Ct. 557, 575-576 (2023) ("An issue not raised or argued below may not be argued for the first time on appeal" [citation omitted]). Nor would the wife have been prejudiced from such a denial, where, as she argues elsewhere, the reduction of her alimony award was not based on a finding that the husband had an inability to pay a higher award. See Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 161 (1999) ("While discovery orders are reviewable on appeal from entry of a final judgment, we do not interfere with the judge's exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion" [citation omitted]).

c. Effect of separation agreement. The wife raises two arguments relating to the parties' agreement. First, she argues that the judgment violated the surviving language of the agreement, which provides that "any reduction in Wife's expenses . . . shall not be grounds for modification" of alimony. She contends that a "reduction in [her] financial statement expenses" was the "basis" of the judgment's alimony award. In his rationale, the judge explained that the award "should allow [her] to obtain adequate housing, pay her ongoing uninsured

health expenses, and provide her with the necessities of day to day life."  While the wife is correct that the surviving paragraph of the parties' agreement prohibits the husband from using a reduction in her expenses as "grounds for modification," a judge fixing a modified alimony judgment must consider the § 34 factors, including the "health" and "needs" of the parties. G. L. c. 208, § 34.  The judge's finding reflects that he properly considered the wife's financial circumstances as one of several § 34 factors that a judge determining the amount of alimony is required to consider.  See Chin, 470 Mass. at 536. See also G. L. c. 208, § 34, as amended through St. 1990, c. 467.

Similarly, the wife argues that the judge was required to take into account the intent of the parties at the time they entered into the agreement by continuing to include an annual, percentage-based payment of additional alimony.  "A judge who modifies a divorce judgment does not write on a tabula rasa.  To the extent possible, and consistent with common sense and justice, the modified judgment should take into account the earlier, expressed desires of the parties" (citation omitted). Katzman v. Healy, 77 Mass. App. Ct. 589, 598 (2010).  But consideration of an agreement does not require strict adherence to its terms.  At most, the parties' intent was one of several factors for the judge to consider.  See Jones v. Jones, 101

Mass. App. Ct. 673, 683 (2022) ("Each case also must be decided in the context of the governing statute, G. L. c. 208, which requires us to undertake separate consideration of the award of alimony and child support using distinct standards").

d. <u>Station</u>. However, we agree with the wife to the extent that it was error for the judge to conclude that he could not consider the marital lifestyle in setting the terms of the alimony judgment.

In his rationale, the judge stated that "[t]he case law is clear that [the wife] is no longer entitled to alimony in an amount sufficient to meet the marital lifestyle," and "[the husband's] continued obligation is limited to the amount necessary to provide [the wife] with some level of support based on her needs as they presently exist." Although the judge correctly noted that the inability to maintain the marital lifestyle is not grounds for deviation from the ARA's durational limits under G. L. c. 208, § 53 (<u>e</u>), the "standards of modification existing at the time the [original] judgment entered" dictate which factors a judge is required to consider in fixing the amount of alimony if deviation is granted. <u>Chin</u>, 470 Mass. at 536. See <u>Hay</u>, 389 Mass. at 252-253. At the time of the parties' original divorce judgment those factors were listed in G. L. c. 208, § 34, as amended through St. 1990,

c. 467, and included the "station" of the parties.[5] See Pierce, 455 Mass. at 295. The "station" of the parties is "what is required to maintain a standard of living comparable to the one enjoyed during the marriage." See id. at 296, quoting Grubert v. Grubert, 20 Mass. App. Ct. 811, 819 (1985). Put another way, the judge modifying an alimony order established pre-ARA is required to consider the marital lifestyle. See Pierce, supra. See also Redding, 398 Mass. at 108 ("Any failure in the decision-making process to consider and explain the effect of an important fact may require reversal of the judgment in order to permit consideration and explanation of the omitted subject").

The husband relies on George, 476 Mass. 65, and Voorhis, 97 Mass. App. Ct. 46, to argue that the judge could not consider the parties' marital lifestyle, yet neither case stands for that proposition. George, supra at 66, concerned the denial of a husband payor's request for modification that the Supreme Judicial Court affirmed on the grounds that it was premature, but the court further discussed "how the 'interests of justice' standard of [G. L. c. 208, § 49 (b),] should be applied when determining whether deviating beyond the durational limits of the [ARA] is warranted." And Voorhis, supra at 49, concerned

_____

[5] We note that the wife, in her proposed rationale and conclusions of law, erroneously identified G. L. c. 208, § 53 (e), as listing the relevant factors to consider when setting an alimony award.

the denial of a wife payee's request for modification from the durational limits.  Because the court affirmed the denial of the request for modification, it did not discuss what factors a judge should consider in setting the modified alimony judgment after a judge decides that deviation from the ARA's durational limits is warranted.  See id. at 52-53.  As discussed supra, the appropriate factors for modifying a divorce judgment that originated before the ARA are those enumerated in G. L. c. 208, § 34, as amended through St. 1990, c. 467.  See Chin, 470 Mass. at 536.  See also Pierce, 455 Mass. at 295.

Accordingly, to the extent that the judge believed that he could not consider the parties' marital lifestyle in fixing the nature and value of their alimony, it was error.[6]  See Chin, 470 Mass. at 536.

2.  New termination date.  Finally, the wife argues that the judge abused his discretion by ordering alimony only until the husband's full retirement age.  We agree.

To begin, we disagree with the husband's argument that the judge was, in fact, required to order termination at his retirement age.  Where the parties' original divorce judgment

---

[6] In his rationale, the judge noted that he had considered "all the mandatory and relevant factors under G. L. c. 208, §§ 34 and 53"; however, as described herein, this statement conflicts with his statement that the wife "is no longer entitled to alimony in an amount sufficient to meet the marital lifestyle."

predated the ARA, the retirement provision of the ARA, G. L. c. 208, § 49 (f), which has prospective application, is "not applicable to modification of the alimony judgment in this case."  Doktor, 470 Mass. at 548.  Therefore, to the extent that the judge may have relied on G. L. c. 208, § 49 (f), to support his decision to terminate the modified alimony judgment at the husband's full retirement age, it was error to do so.  See Doktor, supra.

We are mindful that a judge "upon the action for modification of either party . . . may make any judgment relative thereto which [he] might have made in the original action."  G. L. c. 208, § 37.  Nevertheless, "the abrupt termination of otherwise unconditional and indefinite alimony demands 'clear and adequate explanation'" (footnote omitted).  Katz v. Katz, 55 Mass. App. Ct. 472, 482 (2002), quoting Bowring v. Reid, 399 Mass. 265, 268 (1987).  See Robbins v. Robbins, 343 Mass. 247, 249 (1961) ("Although [G. L. c. 208, § 37,] appears on its face to give complete discretion to the court in the revision of alimony decrees, this court has repeatedly said that no modification can be made unless the petitioner shows a change of circumstances since the entry of the earlier decree").

Here, the judge's only finding related to the date when the husband shall reach his full retirement age was that the husband "credibly testified that he cannot afford to retire in the near

future based on his financial condition at the time of the 2020 Modification Trial."  The findings are silent as to what circumstances at the husband's full retirement age merit termination.  Without some demonstration of a material change of circumstances justifying termination at the husband's full retirement age, we are compelled to vacate so much of the alimony judgment as it pertains to termination at that time. See Redding, 398 Mass. at 108 ("The judge's reasons for his conclusions . . . must be apparent in his findings and rulings").

Of course, if a material change of circumstances occurs, nothing prohibits the husband from initiating an action to modify the alimony judgment "to reflect [his] diminished actual income after retirement," Pierce, 455 Mass. at 304, and the request would likewise need to be considered pursuant to all relevant factors under G. L. c. 208, § 34, as amended through St. 1990, c. 467.

Conclusion.  So much of the modification judgment dated January 21, 2021, as pertains to the monthly alimony amount and termination at the husband's full retirement age is vacated and the case is remanded for further proceedings consistent with this opinion.  During the pendency of the remand, the provision of the judgment pertaining to the monthly alimony amount shall

remain in effect as a temporary order, unless otherwise ordered by the judge.  The remainder of the judgment is affirmed.  The orders dated February 16, 2021, denying the wife's postjudgment motions are affirmed.

So ordered.